UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RONALD E. DAVENPORT,**

    **Plaintiff,**

v.                                       Case No: 8:24-cv-1094-MSS-AAS

**CITY OF SARASOTA, OFFICER MICHAEL DREZNIN, OFFICER AARON STOLL, and OFFICER JENNA HARPER,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss Count I of the Amended Complaint filed by Defendants Officer Michael Dreznin, Officer Aaron Stoll, and Officer Jenna Harper, (Dkt. 13), and Plaintiff's response in opposition thereto. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Dismiss Count I of the Amended Complaint.

    **I.**    **BACKGROUND**

Plaintiff initiated this action against Defendants Michael Dreznin, Aaron Stoll, Jenna Harper, and the City of Sarasota on May 7, 2024. (Dkt. 1) In Count I of the Amended Complaint (the "Complaint"), Plaintiff sues Defendants Dreznin, Stoll, and

Harper in their individual capacities and in their official capacities as police officers for the City of Sarasota. (Dkt. 6) Against these individual defendants, Plaintiff alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. § 1983. (Dkt. 6 at ¶ 1) All of Plaintiff's claims against Defendant Dreznin, Stoll, and Harper are contained in Count I of the Complaint. (Dkt. 6 at ¶¶ 17–26)

In support of his claims, Plaintiff alleges the following facts. On or about May 10, 2020, at approximately 8:30 p.m., Defendants Dreznin and Stoll pulled up to Plaintiff's residence in a dark gray, unmarked police car. (Id. at ¶ 10) At the time, Plaintiff was sitting in his car, preparing to leave his home. (Id.) Defendants Dreznin and Stoll shone a light on Plaintiff, then left. (Id.)

A few hours later, at approximately 12:30 a.m. that same night, Defendants Dreznin and Stoll again surveilled Plaintiff and shone a light on his car as he was driving home. (Id. at ¶ 11)

On or about May 12, 2020, Defendant Dreznin initiated a traffic stop on Plaintiff's car. (Id. at ¶ 12) "Officer Dreznin, without cause, stopped Plaintiff for an illegal left turn, searched Plaintiff's vehicle without probable cause, then slammed Plaintiff to the ground, where he beat, kicked, choked, and brutalized Plaintiff." (Id.) Plaintiff alleges Defendant Stoll "participated in the [alleged] false arrest[] and the excessive force that was used on Plaintiff." (Id. at ¶ 13) Defendant Stoll allegedly "beat and kicked Plaintiff . . . ." (Id.) Likewise, Plaintiff alleges Defendant Harper "joined in the use of excessive and unnecessary force[] by kicking Plaintiff in his left rib cage."

(Id. at ¶ 14) "The other [Defendants] complimented [Defendant Harper] on her 'proficient kicking technique,' to which [Defendant] Harper responded, 'Yeah, I am getting pretty good at this.'" (Id.) Plaintiff further alleges that Defendant Harper "also took action in an attempt to intimidate an eyewitness to the beating." (Id.)

Plaintiff claims he sustained severe injuries due to this alleged unconstitutional beating by the Defendants. Plaintiff alleges he sustained eight fractured ribs, burst blood vessels in his eye due to his having been choked, and disc herniations. (Id. at ¶ 25) Additionally, Plaintiff alleges some of his teeth were knocked out, and others were misaligned, due to his face having been "smashed into the concrete." (Id.)

Plaintiff was charged with making an illegal left turn and resisting arrest without violence. (Id. at ¶ 12) Sometime thereafter, a Sarasota County Court Judge dismissed both of these charges. (Id.)

Defendants Dreznin, Stoll, and Harper (collectively, "Defendants") move to dismiss Count I of the Complaint. (Dkt. 13) First, Defendants argue Count I should be dismissed to the extent it is alleged against them in their official capacities. (Id. at 2–3) Second, Defendants argue that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment claims should be dismissed for failure to state a claim. (Id. at 3–4)

## II.  LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible

on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F. App'x 664 (11th Cir. 2013) (internal citations omitted).[1]

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

### III. DISCUSSION

#### a. The Motion to Dismiss is granted as to Plaintiff's claims against the officers in their official capacities.

Defendants argue that Plaintiff's claims against Defendants Dreznin, Stoll, and Harper in their official capacities should be dismissed because they are duplicative of Plaintiff's claims against the City of Sarasota. "[W]hen an officer is sued under Section § 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citations and internal quotations omitted); Am. Humanist Ass'n, Inc. v. City of Ocala, 127 F. Supp. 3d 1265, 1273 (M.D. Fla. 2015) (noting that "because the City has been sued directly, it is proper to dismiss the claims against Mayor Guinn and Chief Graham in their official capacities as redundant and potentially confusing."). "[T]here no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)." Busby, 931 F.2d at 776.

Plaintiff served the City of Sarasota on February 13, 2025. (Dkt. 23) The City of Sarasota, therefore, has notice of this lawsuit and was given an opportunity to respond.[2] For this reason, the claims against Defendants Dreznin, Stoll, and Harper in their official capacities are duplicative of Plaintiff's claims against the City of

---

[2] Notably, however, the City of Sarasota has failed to file a timely answer or other response to the Amended Complaint. See Fed. R. Civ. P. 12(a). Nor has a motion for Clerk's entry of default been filed. See id. at 55(a).

Sarasota. Thus, the Court finds it appropriate to dismiss Plaintiff's claims against Defendants Dreznin, Stoll, and Harper in their official capacities.

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's claims against Dreznin, Stoll, and Harper in their official capacities.

### b. The facts alleged in the Complaint do not implicate the Fifth or Eighth Amendments.

Defendants argue the alleged facts do not implicate rights protected by the Fifth Amendment. Plaintiff does not respond to this argument. Defendants also argue that the alleged facts do not implicate the Eighth Amendment. In response, Plaintiff argues the allegations show he was subject to excessive force "after he was stopped and detained . . . ." (Dkt. 16 at 2) Therefore, Plaintiff contends the Complaint alleges excessive force was used during a pretrial detention.

No Fifth Amendment right is implicated by the Complaint. "The Fifth Amendment . . . protects a citizen's rights against infringement by the federal government, not by state government." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1328 (11th Cir. 2015) (citations omitted). In this action, Plaintiff sues Defendants Dreznin, Stoll, and Harper in their capacities as agents of the state government, not the federal government. Although some of the Fifth Amendment's protections have been incorporated against the states,[3] none of those protections are

---

[3] See, e.g., Delgado v. Fla. Dep't of Corr., 659 F.3d 1311, 1323 n.8 (11th Cir. 2011) (citations omitted) ("The Double Jeopardy Clause of the Fifth Amendment applies to the State through the Due Process Clause of the Fourteenth Amendment.").

implicated by the facts alleged. Accordingly, Plaintiff's Fifth Amendment claims against Defendants are due to be **DISMISSED**.

Likewise, the facts alleged do not establish a violation of the Eighth Amendment. The Eighth Amendment "applies only after a citizen has been convicted of a crime." Weiland, 792 F.3d at 1328; Keith v. DeKalb Cnty., 749 F.3d 1034, 1044 n.1 (11th Cir. 2014) (citations omitted) ("Because Cook was a pretrial detainee who had not been convicted of the crime with which he was charged, the Eighth Amendment does not apply. . . . Instead, [his] claim is properly analyzed under the Substantive Due Process Clause of the Fourteenth Amendment."). Here, Plaintiff alleges a county court judge dismissed his charges. At the time of Defendants' alleged brutality, he had not been convicted of the crimes with which he was charged and for which he was arrested; indeed, he never was convicted of those charges. Thus, Plaintiff's Eighth Amendment claims are due to be **DISMISSED**.

### c. Plaintiff's claims under the Fourteenth Amendment are due to be dismissed.

Defendants argue that Plaintiff's allegations are insufficient to state a claim under the Fourteenth Amendment. Plaintiff does not meaningfully respond to Defendants' contention.

The Fourteenth Amendment's protections are not implicated by the facts alleged. "[A]*ll claims* that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than

under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989) (emphasis in original); Reese v. Herbert, 527 F.3d 1253, 1261 n.11 (11th Cir. 2008); Garrett v. Athens-Clarke Cnty., 378 F.3d 1274, 1279 n.11 (11th Cir. 2004) (quoting Gutierrez v. City of San Antonio, 139 F.3d 441, 452 (5th Cir. 1998) (emphasis in original) (citations and internal quotations omitted) (stating the Fourteenth Amendment's protections are not implicated until "*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time")).

Here, Plaintiff alleges Defendants used excessive force during an investigatory stop and arrest. Plaintiff does not allege that the force was used "after the incidents of arrest . . . completed, after the plaintiff [had] been released from the arresting officer's custody, [or] after the plaintiff [had] been in detention awaiting trial . . . ." Gutierrez, 139 F.3d at 452. Thus, the Fourteenth Amendment is not implicated by the facts alleged in the Complaint. Instead, Plaintiff's claims should be analyzed under the Fourth Amendment. See Graham, 490 U.S. at 395. Plaintiff's Fourteenth Amendment claims are due to be **DISMISSED**.

### a. Plaintiff states claims under § 1983 for violations of the Fourth Amendment against Defendants in their individual capacities.

Defendants argue Plaintiff's allegations fail to state a claim because they fail to satisfy a "heightened pleading requirement" imposed when a § 1983 claim is brought against a defendant in his or her individual capacity. (Dkt. 13 at 4) Plaintiff responds by pointing to specific factual allegations made in the Complaint. (Dkt. 16 at 2)

8

Contrary to Defendants' assertion, the Eleventh Circuit no longer imposes a heightened pleading requirement in § 1983 cases against defendants in their individual capacities. Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)) ("After Iqbal it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints."). Thus, "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" is sufficient here. Fed. R. Civ. P. 8(a)(2). Moreover, Plaintiff's allegations are sufficiently detailed to meet even a heightened pleading requirement.

Plaintiff's allegations state *prima facie* claims for violations of the Fourth Amendment. The Fourth Amendment's protection against unreasonable searches and seizures "encompasses the right to be free from the use of excessive force in the course of an arrest." Pace v. City of Palmetto, 489 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) (citing Graham, 490 U.S. at 394–95). To state a claim for a violation of the Fourth Amendment by the use of excessive force, a plaintiff must allege that a seizure occurred, and the force used to effect the seizure was unreasonable. Id. (citing Troupe v. Sarasota Cnty., 419 F.3d 1160, 1166 (11th Cir. 2005), cert. denied, 547 U.S. 1112 (2006)). "The reasonableness inquiry concerns whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Polanco v. City of Marco Island, No. 10–cv–605, 2011 WL 2911002, at *3 (M.D. Fla. July 19, 2011) (citing Graham, 490 U.S. at 396–97; Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004)). A court must consider:

> the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether the suspect is actively resisting or attempting to flee, the need for the application of force, the extent of the injury inflicted, and whether the force used was reasonably proportionate to the need for the force.

Id. (citing Beshers v. Harrison, 495 F.3d 1260, 1266–68 (11th Cir. 2007); Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002)). "Traffic stops qualify as seizures under the Fourth Amendment." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003) (citations omitted).

Here, Plaintiff alleges Defendant Dreznin conducted a traffic stop of Plaintiff's car because Defendant Dreznin believed Plaintiff had made an illegal left turn. (Dkt. 6 at ¶ 12) The alleged seizure began at that point. See Perkins, 348 F.3d at 969. Assuming, as it must, that the facts alleged are true and considering the applicable factors, the Court finds Plaintiff sufficiently alleges the use of unreasonable force. Plaintiff alleges that in the course of a seizure for a simple traffic violation, Defendant Dreznin "slammed Plaintiff to the ground, where he beat, kicked, choked, and brutalized Plaintiff[;]" (id.) Defendant Stoll "beat and kicked Plaintiff[;]" (id. at ¶ 13) and Defendant Harper kicked "Plaintiff in his left rib cage." (Id. at ¶ 14) These allegations concerning Defendants' use of force are sufficient to state a claim for excessive force under the Fourth Amendment. Accordingly, the Motion is due to be **DENIED** as to Plaintiff's Fourth Amendment claim.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss Count I of the Amended Complaint filed by Defendants Officer Michael Dreznin, Officer Aaron Stoll, and Officer Jenna Harper, (Dkt. 13), is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims are **DISMISSED WITH PREJUDICE**.

3. The Motion to Dismiss Plaintiff's Fourth Amendment claims against Defendants Dreznin, Stoll, and Harper in their official capacities is **GRANTED**. These claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Motion to Dismiss Plaintiff's Fourth Amendment claims against Defendants Dreznin, Stoll, and Harper in their individual capacities is **DENIED**.

5. Defendants Dreznin, Stoll, and Harper shall file an answer to the Amended Complaint within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of April 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person